# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Pamela Aubrey,**

        **Plaintiff,**

**v.**                                                                      Case No. 17-2658-JWL

**Portfolio Recovery Associates, LLC,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Pamela Aubrey filed this action against defendant Portfolio Recovery Associates, LLC alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant filed an answer to the complaint and asserted eleven affirmative defenses. Plaintiff has moved to strike each of the eleven affirmative defenses. In response, defendant concedes that plaintiff's motion should be granted with respect to affirmative defenses 1 through 4; 7; and 9. These affirmative defenses, then, are stricken from defendant's answer. Defendant asserts, however, that the remaining affirmative defenses (standing, offset, arbitration, bona fide error and statute of limitations) are appropriate and that plaintiff's motion should be denied as to these defenses.

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's motion is based in large part on her assertion that affirmative defenses must satisfy the heightened pleading standards set forth in *Twombly* and

*Iqbal* and that the affirmative defenses fail to meet those standards.[1]  This court, however, has previously concluded that the *Twombly* pleading standards do not apply to the pleading of affirmative defenses.  *Coschocton Grain Co. v. Caldwell-Baker Co.*, 2016 WL 234152, at *1-2 (D. Kan. Jan. 20, 2016) (citing *Unicredit Bank AG v. Bucheli*, 2011 WL 4036466, at *5 (D. Kan. Sept. 12, 2011)).  In so holding, this court noted that its ruling was "supported by the traditionally high standards for motions to strike under Rule 12(f), which are generally disfavored and considered a drastic remedy, and which are usually denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties."  *See id.* (internal quotation omitted).  In the absence of any argument that the court should reconsider this ruling, the court applies the standard articulated in *Unicredit* and reaffirmed in *Coshocton*.

The court's utilization of this standard is fatal to most of plaintiff's arguments.  Specifically, plaintiff contends that the court should strike four of the remaining affirmative defenses—offset, standing, arbitration and the statute of limitations—because defendant has not satisfied the pleading standards of *Twombly* and *Iqbal*.  Contrary to this argument, the court asks only whether the stated defense bears any possible relation to the controversy and whether it might prejudice plaintiff.  The court cannot say at this juncture that defendant's offset and standing defenses have no possible relation to this case and defendant has provided possible bases for such defenses in its response.  The court will, however, strike the statute of limitations defense as plaintiff has conceded that she is not relying on any conduct outside the one-year

---

[1] The arguments set forth in plaintiff's motion are based on the law as it has developed in federal courts in California, where the case was filed.  After plaintiff filed her motion and the parties fully briefed that motion, the case was transferred to this court in light of defendant's challenge to venue in California.  Plaintiff, then, did not have the opportunity to tailor her arguments to the law as it has developed in this district and the Tenth Circuit.

limitations period. The court will also strike the arbitration defense. Defendant has not articulated any basis for this defense and plaintiff should not be required to expend resources unnecessarily to address that defense in discovery in the absence of any articulable basis for the defense. Finally, plaintiff argues that the court should strike defendant's "bona fide error" defense because it is not an affirmative defense enumerated in Federal Rule of Civil Procedure 8(c). Because the Tenth Circuit has expressly held that the bona fide error defense is an affirmative defense, the court will not strike the defense. *See Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006) (the bona fide error defense is an affirmative defense under the FDCPA).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to strike (doc. 8) is **granted in part and denied in part**.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3